### NORTHERN BANK OF NEW YORK v. LOWENSTEIN et al.

(Supreme Court, Appellate Term, First Department. December 24, 1914.)

PLEADING (§ 36*)—CONCLUSIVENESS OF ALLEGATIONS—ESTOPPEL.

 Where, in an action against the maker and two indorsers of a note, the answer, verified by all three of them, alleged that the indorsers were accommodation indorsers to secure a loan to the maker, upon which state of facts a compromise was effected between plaintiff bank and the last indorser by order of the Supreme Court, upon which the suit was discontinued as to him, the remaining indorser and the maker are estopped to claim that the note was discounted by the bank for the benefit of the last indorser, whereby he became the principal debtor, and a compromise with him discharged the other indorser and the maker.

 [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 81–86; Dec. Dig. § 36.*]

Appeal from City Court of New York, Trial Term.

Action by the Northern Bank of New York against Moses Lowenstein and Alice Lowenstein. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued December term, 1914, before GUY, BIJUR, and PAGE, JJ.

George Hahn, of New York City, 'for appellants.

Breed, Abbott & Morgan, of New York City (William C. Breed and Sumner Ford, both of New York City, of counsel), for respondent.

PAGE, J.   This is an action against the defendants, as maker and indorser of a promissory note, whereby the defendant Moses Lowenstein promised four months after date to pay $750 to the order of the defendant Alice Lowenstein.   The note was indorsed by the defendant Alice Lowenstein, and an indorsement of Clement H. Smith followed that of Alice Lowenstein.   The action was originally brought against maker and both indorsers, but upon application of the superintendent of banks, who held the note among the assets of the plaintiff bank, it was discontinued as against Clement H. Smith as indorser, by order of the Supreme Court, which authorized a settlement of various claims and counterclaims between Smith and the plaintiff bank, among which the note in suit was one.

It is claimed by the defendants that, at the time when the note in suit was discounted by the bank, the officer of the bank, with whom the transaction was had, was informed that it was discounted for the accommodation of Smith, and that the proceeds thereof were credited in the bank account of Smith by the bank.   It is argued from this that Smith thereby became the principal debtor, and a settlement with him discharged the liability of the accommodation maker and indorser.   Smith was called as a witness, and testified that the money was placed to his credit in the bank, and that he then drew a check to Moses Lowenstein for one-half of the amount thereof.   The defendant attempted to give evidence of conversations between the officer of the bank, Lowenstein, and Smith at the time the note was discounted, showing that it was understood that Smith should receive the proceeds of the note and give half of it to Lowenstein.   This was excluded as immaterial.  · Were there no other facts in the case, I think the evidence would have been material, as showing who was the actual debtor and who were the accommodation parties; but it appeared in evidence (pages 38–41, case on appeal) that the defendants interposed an answer, verified by all three of them, which stated, among other things:

"That on or about the 11th day of November, 1907, the said defendant Moses Lowenstein, desiring to borrow from the Hamilton Bank of the City of New York the sum of $750, at the request of said bank and for the purposes of inducing said loan, and without any consideration therefor to the said Alice Lowenstein and Clement H. Smith, made his promissory note to the order of said Alice Lowenstein, and without consideration therefor delivered the same to said Alice Lowenstein, who is Moses Lowenstein's wife, and without consideration therefor and at the request of said Hamilton Bank induced the said Clement H. Smith to indorse the same without such consideration. * * * "

Upon this statement of the facts the action was compromised as against Smith by order of this court.   There can be no doubt that, if the facts as therein stated were true, the plaintiff could safely com-

promise with Smith, as last accommodation indorser, and discharge him, without impairing or changing the liability of the maker and prior indorser. The defendants served a supplemental answer more than a year afterwards, and set up the present facts in contradiction of their former verified answer. I am of opinion that the plaintiff was entitled to accept and rely upon the facts as stated in the pleadings at the time of its compromise with Smith, and the defendants are now estopped from relying upon a defense predicated upon a different state of facts.

The judgment should be affirmed, with costs. All concur.